IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR C. DOMINGO,<br><br>            Plaintiff,<br><br>    v.<br><br>PATRICK R. DONOHUE,<br><br>            Defendant._____/ | Nos. C13-4151 CRB<br><br>**ORDER GRANTING MOTION TO STRIKE** |

Pro se plaintiff Nestor Domingo moves to strike the affirmative defenses in Defendant Patrick Donahoe's Answer. See Mot. (dkt. 48). The Court finds these matters suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for May 2, 2014, and GRANTS the Motion.

Motions to strike are generally disfavored because they are often used as delay tactics and because of the limited importance of pleadings in federal practice. See Cal. Dep't of Toxic Subsnatce Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Nonetheless, the standard in the Ninth Circuit is clear: "[t]he key to determining the sufficiency of . . . an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Most district courts in this circuit agree that the heightened pleading standard of Twombly and Iqbal, which followed Wyshak, is now the correct standard to apply to affirmative defenses. See,

1   e.g., Powertech Tech., Inc. v. Tessera, Inc., No. C 10-945 CW, 2012 WL 1746848, at *4-5
2   (N.D. Cal. May 16, 2012); Perez v. Gordon & Wong Law Group, P.C., No. 11-CV-03323-
3   LHK, 2012 WL 1029425, at *6-8 (N.D. Cal. Mar. 26, 2012) (collecting cases).

4         The Wyshak opinion relied on Conley v. Gibson, 355 U.S. 41 (1957) in formulating
5   the "fair notice" rule, and Twombly and Iqbal effectively abrogated Conley. See Powertech
6   Tech., Inc., 2012 WL 1746848, at *5 (citing Perez, 2012 WL 1029425, at *6).  Also, the
7   underlying rationale of Twombly—to give fair notice to the opposing party—is equally
8   applicable to affirmative defenses, "given the purpose of Rule 8(b)'s requirements for
9   defenses." Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012).
10  Applying the heightened pleading standard to affirmative defenses "will also serve to weed
11  out the boilerplate listing of affirmative defenses which is commonplace in most defendants'
12  pleadings where many of the defenses alleged are irrelevant to the claims asserted." Id.

13        Here, Plaintiff is correct that Defendant's affirmative defenses are boilerplate. See,
14  e.g., Answer (dkt. 45) at 5 ("Some or all of plaintiff's claims are barred by the doctrines of
15  res judicata and/or collateral estoppel.  Plaintiff's claims are barred to the extent that they
16  were the subject of previous litigation in which judgment was granted against plaintiff.").
17  They do not give Plaintiff, particularly given his pro se status, fair notice.  Accordingly, the
18  Court STRIKES Defendant's affirmative defenses.  Defendant may amend its Answer within
19  thirty (30) days of this Order.  See Desert European Motorcars, Ltd. v. Desert European
20  Motorcars, Inc., No. 11-197, 2011 WL 3809933, at *1 (C.D. Cal. Aug. 25, 2011) ("Where a
21  court strikes an affirmative defense, leave to amend should be freely given so long as there is
22  no prejudice to the moving party.").

23        **IT IS SO ORDERED.**

25  Dated: April 16, 2014

                                   CHARLES R. BREYER
26                                    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California